OPINION AND ORDER GRANTING DEFENDANT GAMBLE’S MOTION TO DISMISS COUNT I AND DISMISSING COUNT II

O’MEARA, District Judge.
This matter came before the court on Defendant Brent Gamble’s August 1, 1996 motion to dismiss Count I of the indictment. The government filed a response August 15, 1996. Oral argument was heard August 27, 1996.
Defendant Gamble is charged in a three-count indictment with carjacking, 18 U.S.C. § 2119; use of a firearm during a *570 crime of violence, 18 U.S.C. § 924(c); and felon in possession of a firearm, 18 U.S.C. § 922(g). The statute at issue, 18 U.S.C. § 2119, provides a jurisdictional element which limits its coverage of auto thefts to “a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce.” As interpreted by the United States Court of Appeals for the Sixth Circuit, this language requires nothing more than a showing that the car has been in interstate travel. United States v. Johnson, 22 F.3d 106, 108-09 (6th Cir.1994).
The automobile alleged to have been stolen in this case is a 1984 Cadillac, VIN 1G6AW6980E9070151, which was manufactured by General Motors Corporation (“GM”). GM has advised the Bureau of Alcohol, Tobacco, and Firearms that assembly information on the vehicle indicates that it was manufactured in Detroit, Michigan. The government concedes that it has no evidence that the automobile ever traveled outside the state of Michigan.
However, the government relies on the fact that a “significant number” of the ear’s parts were manufactured outside the state of Michigan. Government’s br. at 2. “The government is requesting that this Court find that the interstate connection, required for an application of the statute, is met by a showing that a portion of the automobile has travelled in interstate commerce.” Government’s br. at 4. The government concedes that there is no precedent for such a position and properly adds that the Eighth Circuit ruled against the government’s argument in United States v. Johnson, 56 F.3d 947 (8th Cir.1995).
The Eighth Circuit reversed a defendant’s conviction on one of four carjacking counts because the car involved in that count was assembled in the forum state of Missouri, and there was no evidence admitted at trial to demonstrate that the vehicle had been driven outside the state prior to the date of the carjacking. Id. at 956. On appeal the government argued that the interstate commerce element was satisfied “because approximately 95% of the parts used to assemble [the] car were manufactured elsewhere and transported in interstate commerce prior to being assembled into this car.” Id. The appellate court looked to the plain language of the statute and held
the term ‘motor vehicle’ means a completely assembled automotive vehicle of some sort. To be sure, an unassembled pile of all the parts necessary to build a motor vehicle would not, in our usual sense of the word, be referred to as a ‘motor vehicle.’ A ‘motor vehicle’ comes into being and exists in fact only when all of the necessary parts have been put together to create the vehicle, i.e., when it rolls off the assemble line. Thus, to reach a conclusion that a pile of motor vehicle parts not yet assembled together is a ‘motor vehicle’ within the meaning of the statute would in essence require us to add to the unambiguous language of the statute.
Id. at 957. The court noted that although interpreting the statute to include a vehicle’s component parts might not offend the Commerce Clause, “[w]hen Congress created the carjacking statute, it also added and amended other provisions that expressly refer to both motor vehicles and motor vehicle parts.” Id. (citations omitted). Therefore, the court reasoned that “had Congress intended to include motor vehicle parts which had moved in interstate commerce prior to assembly within the meaning of the term ‘motor vehicle’ in the carjacking statute, we believe that it would have expressly specified this intent as it did in the other statutes, but it did not.” Id.
Although not bound by the Eighth Circuit’s holding, this court agrees that the Johnson opinion is sound. Despite the fact that it may be more difficult to federally prosecute the crime of carjacking in the state of Michigan because of the great number of automobiles produced here [1] the court’s first *571 obligation is to determine whether the federal jurisdiction elements of the crime have been met. In this ease, they have not.[2]
Accordingly, it is hereby ORDERED that defendant Gamble’s motion to dismiss Count I is GRANTED, and Counts I and II of the indictment are DISMISSED.

. The government has provided the court with automobile production figures for 1994 which show that, in that year, in excess of 25% of all passenger cars and trucks made in America were made in Michigan and well over 50% of all vehicles made in this country were produced in the Sixth Circuit states of Michigan, Ohio, Kentucky and Tennessee. Without much doubt, a greater percentage of automobiles on the road in these states would not enjoy the protection, as it *571 were, of 18 U.S.C. § 2119 (which makes caijack-ing a federal crime) than would autos on the road in another state, such as Iowa, which is one of the 24 states where no automobiles were manufactured in 1994.

. In its September 6, 1996 letter to the court, the government conceded that if it cannot prevail on Count I of the indictment, Count II must also be dismissed.